FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2014 SEP 24 PM 1:26
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| LINDA JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CV412-157 |
| | ) | |
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Before the Court is Defendant Citimortgage's ("Citi") Motion to Partially Dismiss Amended Complaint. (Doc. 17.) For the following reasons, Defendant's motion is **GRANTED**. As a result, Plaintiff's claims for wrongful foreclosure, violation of the Fair Debt Collection Practices Act ("FDCPA"), and violation of United States Housing and Urban Development ("HUD") regulations are **DISMISSED**. Remaining in this case are Plaintiff's claims for breach of contract and promissory estoppel.

### BACKGROUND

This case stems from Defendant's foreclosure on Plaintiff Linda Jones's home.[1] Plaintiff purchased the home

---

[1] For the purposes of ruling on Defendants' Motion to Dismiss, the Court views the complaint in the light most favorable to Plaintiff and accepts as true all of Plaintiff's well-pled facts. Am. United Life Ins. Co. v. Marinez, 480 F.3d 1043, 1057 (11th Cir. 2007).

with her now deceased husband in 1977. (Doc. 13 ¶ 2.) In December 2008, Plaintiff refinanced the mortgage through Georgia Heritage FCU ("Georgia Heritage"), executing a security deed in favor of Mortgage Electronic Registration Systems ("MERS"). (Id. ¶¶ 3-4.) After struggling to pay the mortgage, Plaintiff attempted to negotiate with Defendant for a loan modification. (Id. ¶ 5.) According to Plaintiff, Defendant agreed to modified payments of $537.44 a month for 4 months. (Id. ¶ 6.)

Despite making the modified payment for six months, Plaintiff was informed by Defendant that it would not honor her performance. (Id.) In May 2010, Defendant notified Plaintiff that her loan was in default. (Id. ¶ 7.) In June 2011, Plaintiff received a letter from Defendant informing her that it had denied her loan modification request. (Id. ¶ 12.) Ultimately, Defendant foreclosed on Plaintiff's home on June 7, 2011. (Id.)

In response, Plaintiff filed a complaint in the State Court of Chatham County. (Doc. 1, Ex. B.) On May 30, 2012, Defendant timely removed the case to this Court based on the presence of a federal question in the underlying State Court action. (Doc. 1.) On June 20, 2012, Plaintiff filed an amended complaint. (Doc. 13.)

In the amended complaint, Plaintiff brings claims for wrongful foreclosure, breach of contract, promissory estoppel, violation of the FDCPA, and "failure to provide FHA pre-foreclosure loss mitigation." (Id.) Plaintiff's wrongful foreclosure claim is based on her allegation that "Citi Mortgage did not possess the original note of indebtedness." (Id. ¶ 22.) The breach of contract and promissory estoppel claims stem from Defendant's alleged failure to honor an agreement to modify the terms of her mortgage. (Id. ¶¶ 25-39.) Plaintiff argues that Defendant violated the FDCPA when it attempted to collect Plaintiff's mortgage payments, to which it was not entitled. (Id. ¶¶ 40-46.) Finally, Plaintiff reasons that Defendant violated various HUD regulations by failing to take certain required actions prior to foreclosing on her home. (Id. ¶¶ 47-54.)

In its Motion to Partially Dismiss, Defendant seeks to dismiss Plaintiff's claims for wrongful foreclosure, violation of the FDCPA, and violation of HUD regulations. (Doc. 17, Attach. 1 at 2.) First, Defendant argues that it is not required to physically possess or provide the original note prior to foreclosing on a property. (Id. at 8-11.) Second, Defendant maintains that it is not a debt

collector and has not engaged in any debt collection under the FDCPA. (Id. at 11-16.) Finally, Defendant reasons that the HUD regulations do not provide Plaintiff with any private right of action for the alleged violations. (Id. at 16-18.)

In response, Plaintiff contends that Defendant cannot be the legal holder of Plaintiff's mortgage absent possession of the original note with an allonge[2] physically attached transferring title to Defendant. (Doc. 20 at 3-4.) In addition, Plaintiff argues that Defendant qualifies as a debt collector attempting to collect a debt because it was attempting to collect a debt that Plaintiff owed to a third-party. (Id. at 4-6.) Finally, Plaintiff alleges that she was a third-party beneficiary of HUD regulations requiring a face-to-face meeting and exploration of mortgage modification prior to foreclosure. (Id. at 7-12.)

## ANALYSIS

I. <u>STANDARD FOR MOTIONS TO DISMISS</u>

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require

---

[2] An allonge is a slip of paper attached to a negotiable instrument used to receive indorsements. <u>Black's Law Dictionary</u> 88 (9th ed. 2009).

4

'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).[3] "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557) (alteration in original).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). For a claim to have facial plausibility, the plaintiff must plead factual content that "'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252,

---

[3] Iqbal makes clear that Twombly has been the controlling standard on the interpretation of Federal Rule of Civil Procedure 8 in all cases since it was decided. Iqbal, 556 U.S. at 684 ("Though Twombly determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and application of Rule 8 . . . [that] in turn governs the pleading standard in all civil actions and proceedings in the United States district courts." (internal quotations and citations omitted)).

1261 (11th Cir. 2009) (quoting Iqbal, 556 U.S. at 678). Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly, 550 U.S. at 557.) Additionally, a complaint is sufficient only if it gives " 'fair notice of what the . . . claim is and the grounds upon which it rests.' " Sinaltrainal, 578 F.3d at 1268 (quoting Twombly, 550 U.S. at 555).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. Sinaltrainal, 578 F.3d 1252 at 1260. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." Sinaltrainal, 578 F.3d at 1268. That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the

necessary element." <u>Watts v. Fla. Int'l Univ.</u>, 495 F.3d 1289, 1295-96 (11th Cir. 2007) (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 545).

Generally, a motion to dismiss should be decided based on the contents of the complaint. <u>Emmons v. Smitt</u>, 149 F.2d 869, 871 (6th Cir. 1945). However, the Court may consider documents attached to a defendant's motion if those documents are "relationship-forming contracts [that] are central to a plaintiff's claim." <u>SFM Holdings, Ltd. v. Banc of Am. Sec., LLC</u>, 600 F.3d 1334, 1337 (11th Cir. 2010). Therefore, the Court will review the note, security deed, and transfer and assignment Defendant included as exhibits in its Motion to Dismiss. (Doc. 17, Exs. A-C.)

II. DEFENDANT'S MOTION TO DISMISS

A. Wrongful Foreclosure

In its motion, Defendant contends that Plaintiff's wrongful foreclosure claim fails because Defendant is not required to physically possess or provide the original note prior to foreclosing on a property. (<u>Id.</u> at 8-11.) In response, Plaintiff appears to argue that the transfer of the note from Georgia Heritage to Defendant was invalid, not that Defendant lacks possession of the note. (Doc. 20 at 3.) It seems Plaintiff reasons that title to the note

7

may only be transferred by indorsement either on the face of the instrument or on an allonge physically attached to the note. (Id.)

Under Georgia law, Plaintiff's argument regarding the invalidity of the note's transfer from Georgia Heritage to Defendant is without merit. In Ware v. Multibank 2009-1 RES-ADC Venture, LLC, 327 Ga. App. 245, 758 S.E.2d 145 (2014), the Georgia Court of Appeals held that the failure to firmly affix an allonge to an instrument did not render invalid the purported transfer of interest. Rather, any such failure only results in the assignee taking the note "subject to any defense which could be raised against the maker." Id. at ___, 758 S.E.2d at 150-51. In this case, Plaintiff is not raising a defense to the foreclosure, but arguing that Defendant never obtained title to the note. That position, however, is clearly foreclosed by the court's opinion in Ware. As a result, Plaintiff's claim for wrongful foreclosure fails as a matter of law and must be **DISMISSED**.

B. Violation of the FDCPA

Plaintiff contends that Defendant violated the FDCPA, 15 U.S.C. §§ 1692-1692p, when it attempted to collect the amount owed on the note. (Doc. 13 ¶¶ 40-46.) To establish

a valid claim under the FDCPA, Plaintiff must show that (1) she has been the object of an attempt to collect a consumer debt; (2) Defendant is a debt collector under the FDCPA; and (3) Defendant committed some act or omission prohibited by the FDCPA. Gibson v. Rosenthal, Stein, & Assocs., LLC, 2013 WL 3367255, at *7 (N.D. Ga. July 3, 2013) (unpublished); Buckentin v. SunTrust Mortg. Co., 928 F. Supp. 2d 1273, 1294 (N.D. Ala. 2012); Bently v. Bank of Am., N.A., 773 F. Supp. 2d 1367, 1371 (S.D. Fla. 2011). Under the FDCPA, a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a. However, the FDCPA excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." Id. § 1692a(6)(F)(iii).

In this case, Defendant acquired the note on December 11, 2008, which was the same day Plaintiff executed the

note. (Doc. 17, Ex. A at 1, 7.) As pled in her amended complaint, Plaintiff did not default on the note until sometime in May 2010. (Doc. 13 ¶ 7.) Therefore, Defendant is not a debt collector under the FDCPA because it was attempting to collect a debt that "was not in default at the time it was obtained." 15 U.S.C. § 1692a(6)(F)(iii). Accordingly, Plaintiff's claim for violation of the FDCPA fails as a matter of law and must be **DISMISSED**.

C. Violation of HUD Regulations

Plaintiff argues that Defendant violated several HUD regulations by foreclosing on her home without first arranging a face-to-face meeting, adapting effective collection techniques that accounted for Plaintiff's circumstances, modifying the terms of her mortgage, and taking other required actions. (Doc. 13 ¶¶ 49-54.) However, the Eleventh Circuit has concluded that the regulations upon which Plaintiff relies do not create a private right of action. Miller v. Chase Home Fin., LLC, 677 F.3d 1113, 1116 (11th Cir. 2012) ("When we apply these factors to [the Home Affordable Modification Program] and [Emergency Economic Stabilization Act], it is clear that no implied right of action exists."). Accordingly, Plaintiff's claims based on Defendant's alleged violation

of HUD regulations must be **DISMISSED**.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Partially Dismiss Amended Complaint (Doc. 17) is **GRANTED**. As a result, Plaintiff's claims for wrongful foreclosure, violation of the FDCPA, and violation of HUD regulations are **DISMISSED**. Remaining in this case are Plaintiff's claims for breach of contract and promissory estoppel.

SO ORDERED this 24th day of September 2014.

/s/ William T. Moore, Jr.
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA